[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16839

_____

Agency Nos. A95-552-422
A95-552-423

RAMON JULIAO,
ELVIA VELEZ,
RAMON EDUARDO JULIAO,
JUAN CARLOS JULIAO VELEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 12, 2006)**

Before TJOFLAT, HULL and BOWMAN,[*] Circuit Judges.

---

[*]Honorable Pasco M. Bowman II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

PER CURIAM:

Ramon Juliao petitions this Court for review of the Board of Immigration Appeals's ("BIA") summary affirmance of the Immigration Judge's ("IJ") oral decision denying him asylum and withholding of removal. Juliao's wife Elvia Velez, and his sons Ramon Eduardo Juliao and Juan Carlos Juliao Velez are derivative applicants and, therefore, rely on Juliao's asylum application.

Where the BIA adopts the IJ's decision without opinion, we review only the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review legal issues de novo, Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001), and "administrative fact findings under the highly deferential substantial evidence test," Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035, 125 S. Ct. 2245 (2005). We must affirm the IJ's decision if it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005) (quoting Al Najjar, 257 F.3d at 1284). "[E]ven if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." Adefemi, 386 F.3d at 1029 (emphasis added).

To establish asylum eligibility based on race, religion, nationality, membership in a particular social group, or political opinion, the applicant must

2

establish with credible evidence "(1) past persecution on account of [one or more of the] protected ground[s], or (2) a 'well-founded fear' that her political opinion or any other protected ground will cause future persecution." Sepulveda, 401 F.3d at 1230-31.

> Each [of these] avenue[s] of asylum relief requires proof of two criteria. To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground. To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a "subjectively genuine and objectively reasonable" fear of persecution, that is (2) on account of a protected ground.

Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted).

"To qualify for withholding of removal, [the applicant] must have established that it is more likely than not that her life or freedom would be threatened on account of a statutorily protected factor if returned to [her country]." Id. at 1243 (citing 8 U.S.C. § 1231(b)(3)). "Where an applicant is unable to meet the well-founded fear standard for asylum, [she] is generally precluded from qualifying for either asylum or withholding of [removal]." Al Najjar, 257 F.3d at 1292-93 (quotation marks and citations omitted).

"The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. §§ 208.13(a) (as to asylum), 208.16(b) (as to withholding of removal). The IJ must "determine credibility, and

3

we may not substitute our judgment for that of the IJ with respect to credibility findings." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "[W]hen an IJ 'says not that [s]he believes the asylum seeker or [that] [s]he disbelieves her . . . [we are] left in the dark.'" Id. (quoting Iao v. Gonzales, 400 F.3d 530, 534 (7th Cir. 2005)). The IJ must make a "'clean determination[] of credibility.'" Id. (citation omitted). Merely finding that the applicant has presented "'ridiculous fabrication[s]'" and was "'extremely inconsistent and [made] absolutely no sense whatsoever'" is an insufficiently clear determination that we will not accept as a finding of incredibility. Id. (citation omitted). "[T]he IJ must offer specific, cogent reasons for an adverse credibility finding." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

The IJ must consider all of the applicant's evidence. Id. The IJ must "'consider the issues raised and announce [her] decision in terms sufficient to enable a reviewing court to perceive that [she] has heard and thought and not merely reacted.'" Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006) (citation omitted). As long as the IJ gives "'reasoned consideration to the petition, and [has] made adequate findings,'" however, she need not specifically discuss "'each claim the petitioner made or each piece of evidence the petitioner presented.'" Id. (citation omitted).

Importantly, "the regulations do not give the IJ the discretion to refrain from

making a determination regarding past persecution altogether." Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1265 (11th Cir. 2004). In such a case, we have vacated the IJ's decision and remanded the case for a determination as to past persecution. See id. at 1266.

After review and oral argument in this case, we conclude that the IJ failed to give reasoned consideration to Juliao's application and that the IJ's findings are insufficient to permit us to review the denial of Juliao's application. Tan, 446 F.3d at 1375-77; Yang, 418 F.3d at 1201; Antipova, 392 F.3d at 1264-66. We therefore vacate the BIA's and the IJ's decisions and remand the case for the IJ to make explicit, considered and detailed findings in a written decision on these matters: (1) whether Juliao's testimony was credible or not credible and, if not credible, what testimony was not credible (all or what portions) and explicit findings why; (2) whether or not Juliao established past persecution or a well-founded fear of future persecution on a statutorily protected ground and why; and (3) whether or not he is eligible for withholding of removal and why.[1]

**PETITION GRANTED, VACATED AND REMANDED.**

---

[1]Given this disposition, we need not address Juliao's remaining arguments for vacation of these decisions.